# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-cv-0217-MJR |
| | ) |
| THE KROGER CO. and BROMONT | ) |
| PROPERTY MANAGEMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

### I. Introduction and Procedural History

On February 6, 2008, Doris Cole commenced this action in the Circuit Court of Jackson County, Illinois. Bromont Property Management, LLC, with the consent of the Kroger Company, timely removed the action to this federal district court on March 24, 2008. On threshold review, after a jurisdictional memorandum from Bromont, the undersigned Judge determined that subject matter jurisdiction lay under the federal diversity statute, 28 U.S.C. § 1332.

Cole alleges that on June 3, 2006, while exiting the Kroger store, carrying bags of groceries, she stepped on a slick, sloping, uneven area and fell. She claims that the area was painted with a yellow "slippery paint." Complaint ¶ 11(h). Cole alleges, generally, that Kroger and Bromont owned, operated and controlled or had a duty to own, operate and control the property where the accident occurred. She further alleges that Kroger's and Bromont's negligence (for example, in failing to warn customers about the dangerous conditions or failing to maintain the facility in a safe condition) had proximately caused her to sustain "injuries of a personal and pecuniary nature."

Kroger moves for summary judgment (Doc. 14). That motion has been fulled briefed (see Docs. 19, 21). For the reasons stated below, the Court DENIES the motion for summary judgment.[1]

## II. Analysis

Summary judgment is appropriate when the record before the Court reveals that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P. 56(c)**. In assessing such a motion, the Court views the facts in the light most favorable to the non-moving party. However, if the non-moving party fails to establish the existence of an element essential to his case, on which he will bear the burden of proof at trial, Rule 56(c) mandates entry of summary judgment against him, "because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." ***Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006)**.

The question of Kroger's liability in this diversity action is governed by Illinois law. ***Reid v. Kohl's Dept. Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008)**. "In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." ***Id.* (citing *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057-58 (2006) (additional citations omitted)**. "Under Illinois law, '[t]he essential elements of a cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach.'" ***Carlson v. Wal-Mart Stores, Inc.*, 2007 WL 4569867, 2 (N.D.Ill. 2007) (quoting *Judge-Zeit v. General Parking Corp.*, 875 N.E.2d 1209, 1215 (Ill.App.Ct. 2007) (internal quotes omitted)**.

---

[1] On January 28, 2009, the Court struck Defendant's Exhibit B (a contract between K & E Development Co. and Kroger) and granted Kroger leave to refile the exhibit with an authenticating affidavit. However, the exhibit was not necessary to the Court's resolution of Kroger's motion for summary judgment.

The heart of the parties' contentions is that Cole fell because of the presence of slippery paint on the sloping area of the sidewalk or curb. Assuming, without finding, that Bromont was solely responsible for maintaining the area in which Cole was injured, including painting the curb, Kroger would then "normally only be liable if it had actual or constructive knowledge of [the substance's] presence or if 'the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered.'" **Lane v. Hardee's Food Systems, Inc., 184 F.3d 705, 707 (7th Cir. 1999) (citing *Olinger v. Great Atlantic and Pacific Tea Company*, 173 N.E.2d 443, 445 (1961))**. Kroger has failed to refute either of the grounds for which it could potentially be held liable.

Kroger submits that it neither painted nor constructed the sloped area and that there is no evidence that the paint was known to be a dangerous condition. Moreover, Kroger contends that Bromont is the owner of the premises in question and that it was Bromont's duty, under the lease, to ensure that the paved areas were well-maintained and safe. In sum, Kroger argues that it had no duty to protect Cole from any conditions in the area where she fell, and, as a result, it is entitled to judgment as a matter of law.

Cole responds that Kroger owed a duty to provide safe ingress and egress from its store. She submits that questions of material fact exist regarding Kroger's knowledge of the unsafe condition. She contends that (1) the dangerous condition had been present for a sufficient length of time that, in the exercise of ordinary care, Kroger should have discovered it; (2) Kroger was required under the lease to pay its proportional expense to maintain the common areas; (3) it is unclear where the common areas are; and (4) she fell either under or directly next to Kroger's awning, which could be considered a part of Kroger's premises. Finally, Cole asserts that Kroger's motion is premature and should not be considered until discovery has been completed. Specifically, Cole states that she has not had an opportunity to depose Kroger's employees to determine if an

unsafe condition was known.

As to Cole's latter contention, this action was filed on February 6, 2008, almost 10 months prior to Kroger's November 25 filing its motion for summary judgment. Although the scheduling order established that discovery was to be completed and dispositive motions filed by January 6, 2009, Defendants' depositions were to be taken by August 22, 2008. *See* Doc. 11. It would appear that Cole had adequate time to depose Kroger's employees and was required to depose any corporate designee well before the instant motion was filed. Consequently, Kroger's motion is not premature.

As to Cole's former contention, the Court agrees with Cole that issues of material fact remain regarding whether Kroger had knowledge of the unsafe condition and any responsibility for it. In Cole's deposition, she said that a manager and two store employees came out after she fell. Doc. 16, Exhibit A, Cole Deposition, 37:3-9. Cole stated that one of the employees rubbed his foot against the paint, noted that there was no water or any other substance present and "they said it was the paint." *Id*. Additionally, Cole testified that, in response to her statement that the sidewalk was "really slick, like grease," the manager said "it was the paint." *Id*. 31:15-19. Whether Kroger had actual or constructive knowledge of the presence of an unsafe condition *prior* to Cole's fall, is a question of material fact. **See *Lane*, 184 F.3d at 707**. The sloped area was painted in September, 2005, approximately nine months before Cole's accident. Doc. 19, Exhibit 1. On the record currently before the Court, it is a also question of material fact whether, in that length of time and in the exercise of ordinary care, Kroger should have discovered that the paint represented an unsafe condition. ***See id.***

So, genuine issues of material fact remain regarding whether Kroger had actual or constructive knowledge of the alleged dangerous condition and whether the alleged dangerous condition was there a sufficient length of time so that in the exercise of ordinary care its presence

should have been discovered. Summary judgment is not warranted.

### III. Conclusion

For all of these reasons, the Court **DENIES** Kroger's motion for summary judgment (Doc. 14).

**IT IS SO ORDERED.**

**DATED this 11th day of February, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
