# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DORIS COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-0217-MJR |
| | ) | |
| THE KROGER CO. and BROMONT PROPERTY MANAGEMENT, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

### I. Introduction and Procedural History

On February 6, 2008, Doris Cole commenced this action in the Circuit Court of Jackson County, Illinois. Bromont Property Management, LLC, ("Bromont") with the consent of the Kroger Company, timely removed the action to this federal district court on March 24, 2008. On threshold review, after a jurisdictional memorandum from Bromont, the undersigned Judge determined that subject matter jurisdiction lay under the federal diversity statute, 28 U.S.C. § 1332.

Cole alleges that on June 3, 2006, while exiting the Kroger store, carrying bags of groceries, she stepped on a slick, sloping, uneven area and fell. She claims that the area was painted with a yellow "slippery paint." Complaint ¶ 11(h). Cole alleges, generally, that Kroger and Bromont owned, operated and controlled or had a duty to own, operate and control the property where the accident occurred. She further alleges that Kroger's and Bromont's negligence (for example, in failing to warn customers about the dangerous conditions or failing to maintain the facility in a safe condition) had proximately caused her to sustain "injuries of a personal and pecuniary nature."

1

Bromont moves for summary judgment (Doc. 23). That motion has been fulled briefed (Docs. 29, 30). For the reasons stated below, the Court DENIES the motion for summary judgment.

## II. Analysis

Summary judgment is appropriate when the record before the Court reveals that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P. 56(c)**. In assessing such a motion, the Court views the facts in the light most favorable to the non-moving party. However, if the non-moving party fails to establish the existence of an element essential to his case, on which he will bear the burden of proof at trial, Rule 56(c) mandates entry of summary judgment against him, "because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." ***Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006)**.

The question of Bromont's liability in this diversity action is governed by Illinois law. ***Reid v. Kohl's Dept. Stores, Inc*., 545 F.3d 479, 481 (7th Cir. 2008)**. "Under Illinois law, '[t]he essential elements of a cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach.'" ***Carlson v. Wal-Mart Stores, Inc*., 2007 WL 4569867, 2 (N.D.Ill. 2007) (quoting *Judge-Zeit v. General Parking Corp*., 875 N.E.2d 1209, 1215 (Ill.App.Ct. 2007) (internal quotes omitted)**. In Illinois, entities that own or control land "are not required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious;..." ***Suerth v. Exxon Mobil Corp*., 2007 WL 2566265, \*3 (N.D.Ill. 2007) (quoting *Sandoval v. City of Chicago*, 830 N.E.2d 722 (Ill.App.Ct. 2005) (additional citations omitted)**. As a result, these entities have "no duty to warn or protect others ... with respect to such 'open and obvious' dangers." ***Id*. (citations omitted)**.

However, as with most broadly sweeping rules, exceptions apply, and "'the fact that a condition is known or obvious is not a *per se* bar to the existence of a duty, because a defendant will still owe a duty where he should anticipate the harm despite the obviousness of the condition.'" ***Id.*** **(quoting** ***Belluomini v. Stratford Green Condo. Assoc.*****, 805 N.E.2d 701 (2004))**. There is a heightened duty to an invitee which includes an obligation to provide "a reasonably safe means of ingress and egress to defendant's property, both within the premises owned and controlled by defendant and beyond those precise boundaries." ***Pollard v. University of Chicago,*** **2006 WL 681046, \*4 (N.D.Ill. 2006) (citations omitted)**.

"[T]he existence of a duty in the face of a known or obvious condition is subject to the same analysis of duty as is necessary in every other claim of negligence." ***Huggins v. Village of Bishop Hill***, **690 N.E.2d 656, 659 (Ill.App.Ct. 1998)** (**quoting** ***Ralls v. Village of Glendale Heights***, **598 N.E.2d 337, 344 (1992)**). "The relevant factors in determining the existence of a duty include the foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the defendant; the fact that a dangerous condition is known or obvious affects the foreseeability and likelihood of injury." ***Id.*** **659-60 (citations omitted)**.

Two specific exceptions to the open-and-obvious doctrine are commonly recognized: the "forgetfulness" or "distraction" exception and the "deliberate encounter" exception. ***Id***. Under the "forgetfulness" or "distraction exception," a defendant owes a duty to a plaintiff where it is reasonably foreseeable that the plaintiff will be distracted or forget about a known or obvious condition after having momentarily encountered it." ***Id.*** **(citing** ***Belluomini***, **805 N.E.2d 701)**. Under the "deliberate encounter" exception, a defendant owes a duty to a plaintiff where the defendant has "reason to anticipate that the plaintiff will proceed in the face of the known or obvious

danger because the benefit of doing so outweighs the apparent risk." *Id.*

The heart of the parties' contentions is that Cole fell because of the presence of slippery paint on the sloping area of the sidewalk or curb. Bromont managed the property in issue at the time of Cole's injury but did not design or construct the building, the masonry column, the side walk, the sloped area, the doors or the paved areas where Cole fell. Doc. 24, Exhibit A, ¶ 4. Bromont did, however, periodically retain an independent contractor to re-paint the yellow areas. *Id.* ¶ 8.

Bromont maintains that it had no legal duty to warn Cole because the conditions were an open and obvious danger, made even more blatantly obvious by the yellow paint. Bromont asserts that there is no evidence to indicate that either the "distraction" or the "deliberate encounter" exception is applicable herein. Bromont submits that it was not in a position to move the masonry pillar or the store's doors and that the ramp in the area is mandated by the Americans with Disabilities Act. Additionally, Bromont contends that the yellow paint adequately conveyed the need for caution without additional signage. Lastly, Bromont submits the report and affidavit of Gerry McIntyre, an engineer, who tested the relative slip resistance of the painted area at issue. Doc. 25-10. McIntyre measured the average slip resistance at two locations on the sloped painted concrete surface, and both locations exceeded .50 (0.57 and 0.65), which is the minimum required for slip resistance by the building code in McIntyre's opinion. *Id.* ¶¶ 4, 5.

Cole contends that Bromont owed her a duty of care and breached that duty, in that the condition of the property in question was not open and obvious, and, even if it was, Bromont still owed her a duty of care. Kroger's employees, who examined the area after Cole's slip-and-fall, stated that the cause of the fall was the paint on the curb. Doc. 16, Exhibit A, Cole Deposition, 37:3-9. Cole stated that one of the employees rubbed his foot against the paint, noted that there was no

4

water or any other substance present and "they said it was the paint." *Id*. Additionally, Cole testified that, in response to her statement that the sidewalk was "really slick, like grease," the manager said "it was the paint." *Id*. 31:15-19.

Cole submits that the sloped area is obscure - small (a foot or less in size), adjacent to a large concrete pillar and covered in slippery paint in an area where a person would be looking for traffic. As a result, according to Cole, the condition is not obvious. Moreover, Cole contends that the "distracted" exception applies, in that Bromont could have reasonably anticipated that a person would fail to avoid an open and obvious risk where she was leaving the store and paying attention to the road she was about to enter rather than to a sloped area covered with slick paint. Cole also asserts that even if the condition was open and obvious, Bromont owed her a duty of care because the accident was foreseeable, the likelihood of serious injury high and the burden of warning patrons of the slick sloped area would be inexpensive - proper signage or a mat to provide additional traction. Additionally, although Bromont had nothing to do with the construction of the building, it was responsible for maintenance of the property and had adequate time to discover the condition.

Lastly, Cole disputes McIntyre's report, which was based on slip resistance measurements done on only two locations on the slope, with no indication that McIntrye knew exactly where Cole slipped. Cole contends that all this shows is that two points on the slope which may or may not have been where she slipped had a slip coefficient about .50. It does not account for the variance in those measurements or reflect whether a third test site, given the .08 difference in the findings, might not have been 0.49, below code specifications.

The Court agrees with Cole that issues of material fact remain regarding whether the danger was open and obvious and, more specifically, whether the degree of danger was apparent.

5

The yellow paint was applied to call attention to the slope, not to call attention to the fact that the yellow paint was slippery - an issue in contention despite McIntyre's report. "Even a 'seemingly innocuous incline' can become unreasonably dangerous when combined with other conditions impairing traction." *Huggins*, **690 N.E.2d 656, (Ill.App.Ct. 1998) (quoting** *Ralls***, 598 N.E. 2d at 345**. As a result, a jury could find that the actual danger presented by the slope was greater than the apparent danger. *See id*. A jury could also conclude that McIntyre's measurements of slip resistance were less than comprehensive - and less than compelling -in that only two locations of unknown size were tested and even within the tested areas the slip resistance was not the same. Lastly, the Court is not convinced, considering all relevant circumstances, that the distraction exception does not apply

In sum, genuine issues of material fact remain regarding whether Bromont breached a duty of care to Cole and whether that the breach of this duty proximately caused Cole's injuries. There is evidence that the paint was slippery, that the area where Cole slipped was small and somewhat obscured, that she could have been distracted upon exiting the building by traffic and that Bromont managed the property for a sufficient length of time that it had actual or constructive knowledge of the allegedly unsafe condition and time to correct it. Summary judgment is not warranted.

### III. Conclusion

For all of these reasons, the Court **DENIES** Bromont's motion for summary judgment (Doc. 23).

**IT IS SO ORDERED.**

**DATED this 15th day of April, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**