IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DORIS COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: **3:08-cv-217-PMF** |
| | ) |
| THE KROGER CO., and BROMONT | ) |
| PROPERTY MANAGEMENT, LLC, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| THE KROGER CO., | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BROMONT DEVELOPMENTS, LLC; | ) |
| BROMONT DEVELOPMENT GROUP, | ) |
| LLC; BROMONT INVESTMENTS, | ) |
| INC.; BP CARBONDALE, LLC; and | ) |
| THE PHILLIP M. KIMMEL TRUST, | ) |
| | ) |
| Third Party Defendants. | ) |

## MEMORANDUM AND OPINION

**FRAZIER, Magistrate Judge:**

      Before the Court is Third Party Defendant The Philip M. Kimmel Trust's ("The Kimmel Trust") Motion for Summary Judgment (Doc. 95) as to Counts I and II of Third Party Plaintiff The Kroger Company's ("Kroger") Amended Third Party Complaint (Doc. 93). The Motion for Summary Judgment is opposed (Doc. 99), and The Kimmel Trust has filed a Reply to Kroger's Response (Doc. 100). For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** The Kimmel Trust's Motion for Summary Judgment

1

## FACTS

This action arises out of a June 3, 2006 incident in Carbondale, Illinois when Doris Cole allegedly exited a Kroger Grocery Store located in the West Park Plaza strip mall carrying bags of groceries, and subsequently stepped on a slick, sloping, uneven area, and fell. She claims that the area was painted with a yellow "slippery paint." *Plaintiff's Complaint ¶ 11(h)*. This area was painted in September, 2005, approximately 9 months prior to the alleged incident. Cole alleges, generally, that Kroger and Bromont Property Management, LLC ("Bromont") owned, operated and controlled or had a duty to own, operate and control the property where the accident occurred. She further alleges that Kroger's and Bromont's breach of duty proximately caused her to sustain injuries.

Kroger, in its Amended Third Party Complaint alleges that while it continues to deny liability for the alleged accident, if Kroger is found liable to Cole for the accident, Kroger is nonetheless entitled to contractual indemnification by The Kimmel Trust, among others, for any damages Cole is awarded (Count I). Further, Kroger alleges that it is entitled to contribution from The Kimmel Trust, among others, under a common law theory of premises liability (Count II).

The two counts in Kroger's Amended Third Party Complaint arise out of a July 16, 1979 lease agreement whereby The Kimmel Trust leased over 11 acres of unimproved land to the Carbondale Plaza Development Company on which it was given the right to operate a shopping center for a term of 35 years. In 1982, the Carbondale Plaza Development Company assigned the remainder of its 35 year lease to K & E Development Co ("K & E"). In 1983 K & E developed the West Park Plaza property by constructing a strip shopping center and a parking lot for use by K & E's tenants. In April, 1983, Kroger entered into a sublease with K & E. In

December, 1984, K & E's lease with The Kimmel Trust was amended with a provision granting K & E the right to assign to third parties its interest in the shopping center. Since February, 2006, BP Carbondale, LLC has been the assignee of the portion of the West Park Plaza property where Cole claims to have been injured.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir.2006), *cert. denied*, 549 U.S. 1210, 127 (2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

### I.   *Indemnification Claim*

Kroger does not object to The Kimmel Trust's Motion for Summary Judgment on Count I of the Third Party Complaint. Therefore, Count I of Kroger's Amended Complaint will be dismissed with respect to The Kimmel Trust.

## II. *Contribution Claim*

The Kimmel Trust seeks summary judgment in its favor on Count II of Kroger's Amended Complaint based on the argument that it did not have any control over the property at the time of the incident.

Under traditional common law, where "a landlord retains control of a portion of the premises leased to the tenant it has the duty, as the party in control, to use ordinary care in maintaining that part of the premises in a reasonably safe condition. Conversely, a landlord is not liable for injuries caused by a defective condition on the premises leased to a tenant and under the tenant's control." *Vesey v. Chicago Housing Authority*, 583 N.E.2d 538, 542 (Ill. 1991) (emphasis omitted) *citing Rowe v. State Bank*, 531 N.E.2d 1358, 1366 (Ill. 1988).

Several exceptions to the rule permit a third party to recover damages from a landlord who does not control the premises on which the injury occurred:

> (1) a latent defect exists at the time of the leasing that the landlord should know about;
> (2) the landlord fraudulently conceals a dangerous condition;
> (3) the defect causing the harm amounts to a nuisance;
> (4) the landlord makes a promise at the time of the leasing to repair a condition;
> (5) the landlord violates a statutory requirement of which a tenant is in the class designated to be protected by such requirement (citation omitted); and
> (6) the landlord voluntarily undertakes to render a service (citation omitted).

*Klitzka ex rel. Teutonico v. Hellios*, 810 N.E.2d 252, 256 (Ill.App. 2nd Dist. 2004).

Kroger argues in its Response to The Kimmel Trust's Motion for Summary Judgment that despite the fact that The Kimmel Trust did not retain control over the property on which Cole's accident allegedly occurred, Kroger is nonetheless entitled to contribution because the area on which Cole allegedly slipped was painted in September, 2005 – approximately 9 months prior to the February, 2006 assignment of the lease to BP Carbondale, LLC. Because the assignment took place after the alleged defective painting, Kroger contends that The Kimmel

Trust should have known about the latent defect prior to Cole's alleged accident. The Kimmel Trust maintains, however, that it was not a party to the February, 2006 lease assignment, because the property where Cole allegedly fell was under the continuous and uninterrupted control of the Carbondale Plaza Development Company or its successors and assignees following the July 16, 1979 lease, and that The Kimmel Trust had not modified its lease agreement since December, 1984. The Kimmel Trust, therefore, disputes Kroger's contention that it was a party to the February, 2006 assignment, and thus, should not be charged with having constructive knowledge of the allegedly defective painting.

In order for judgment to be entered in The Kimmel Trust's favor, it must demonstrate that either (1) it was not a party to the BP Carbondale, LLC lease assignment in February, 2006, or (2) if it was a party to the BP Carbondale, LLC lease assignment, that it had neither actual nor constructive knowledge of the presence of the allegedly defective painting.

**1.   The Kimmel Trust's Status as to the February, 2006 Lease Assignment**

There appears to be no dispute that after the original July 16, 1979 lease agreement between The Kimmel Trust and the Carbondale Plaza Development Company, this lease was assigned several times to various parties, including BP Carbondale, LLC. Further, the parties appear to agree that The Kimmel Trust did not take part in the actual lease assignment to BP Carbondale, LLC in February, 2006 – that is, it did not draft the assignment contract, nor meet with any of the key personnel from BP Carbondale, LLC. These facts notwithstanding, there is no reason to believe that The Kimmel Trust was not a party to the February, 2006 assignment – after all, it was The Kimmel Trust's property that was being assigned.

As between an original lessor and the assignee, an assignment of a lease creates the relationship of landlord and tenant, and the rights and liabilities of those parties are such as are

incident to that relationship. *Fairmount Park Raceway, Inc. v. C. I. R.*, 327 F.2d 780 (7th Cir. 1964) c*iting Sexton v. Chicago Storage Co.*, 21 N.E. 920 (Ill. 1889). The assignment of a lease establishes between the lessor and the assignee privity of estate, but, in the absence of any agreement between them, not privity of contract. See *Urban Inv. & Development Co. v. Maurice L. Rothschild & Co.*, 323 N.E.2d 588 (Ill.App. 1st Dist. 1975); *Everett v. John Sexton & Co.*, 280 Ill. App. 350 (Ill.App. 1st Dist. 1935). It is the privity of estate between an original lessor and a subsequent assignee that makes the assignee fully responsible to the lessor for the lease provisions, as well as the right of the assignee to enforce the terms of the original lease against the original lessor.

Thus, despite the fact that The Kimmel Trust was not involved in the negotiation of the terms of the assignment or the drafting of the contract with BP Carbondale, LLC, there is no question that The Kimmel Trust was in privity of estate with BP Carbondale, LLC, and therefore, could potentially be liable to Kroger for consideration if it had either actual nor constructive knowledge of the presence of the allegedly defective painting.

**2.   The Kimmel Trust's Knowledge of the Alleged Defect**

Whether The Kimmel Trust had actual or constructive knowledge of the presence of an unsafe condition prior to Cole's fall, is a question of material fact. *Lane v. Hardee's Food Systems, Inc.*, 184 F.3d 705, 707 (7th Cir. 1999). Thus, despite the fact that The Kimmel Trust was in privity with BP Carbondale, LLC during the February, 2006 lease assignment, genuine issues of material fact remain regarding whether it had actual or constructive knowledge of the alleged dangerous condition. Therefore, summary judgment on Count II of Kroger's Amended Third Party Complaint is not warranted.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** The Kimmel Trust's Motion for Summary Judgment (Doc. 95).

As to Count I of Kroger's Third Party Amended Complaint, Judgment shall enter in favor of The Kimmel Trust at the close of case.  Count II of Kroger's Third Party Amended Complaint shall remain for trial.  Clerk of Court to enter Judgment accordingly at close of case.

**IT IS SO ORDERED.**

**DATED: March 9, 2010.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
